UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**For Online Publication Only**

----------------------------------------------------------------X

JAMES PENDLETON,

                           Petitioner,      **MEMORANDUM & ORDER**
                                                          25-mc-0723 (JMA)

                -against-

**FILED CLERK**

9/23/2025 3:33 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES OF AMERICA,

                           Respondent.

----------------------------------------------------------------X

**AZRACK, United States District Judge:**

      Approximately thirty-seven years ago, on May 5, 1988, a grand jury returned an indictment, charging Petitioner with multiple violations of 18 U.S.C. § 1344, bank fraud, in connection with his involvement in certain loans. United States v. James Pendleton, Docket No. 88-CR-279 (RR).[1] On June 29, 1988, petitioner pled guilty to bank fraud before Judge Raggi, who accepted the plea. In a pro se motion filed February 20, 2025, Petitioner asks the Court to expunge his criminal file because Petitioner claims he has "never been involved in any misconduct personally or professionally" since his conviction and wants his criminal file "expunged so I can go on with my life." (See ECF No. 1 at 2.) For the reasons that follow, Petitioner's application is denied because he has not presented any extreme circumstances necessary to warrant the extraordinary relief of expungement.

      "While courts have the power to order expungement, the Second Circuit has cautioned that such power should be exercised only in 'extreme circumstances.'" United States v. McFadzean, No. 93-CR-0025, 1999 WL 993641, at *2 (S.D.N.Y. Nov. 2, 1999) (quoting United States v. Schnitzer, 567 F.2d 536, 539 (2d Cir. 1977)). It is an "extreme, and rare, remedy," and it has

---

[1] The Court's Order presumes familiarity with the procedural posture and background of the original case and Petitioner's instant motion.

typically been reserved for cases where the underlying arrest was unconstitutional or where a defendant's records have "been misused by the government." McFadzean, 1999 WL 993641, at *2-3. In extraordinary cases, expungement may be warranted where the underlying conviction was valid and no government misconduct is involved, but only if a petitioner can satisfy an exceedingly stringent standard. See id.

Petitioner does not challenge the validity of his conviction, and he has not demonstrated that expungement is appropriate here. The only harm that Petitioner allegedly suffered is one of interference with his life, which, as noted in the relevant case law and explained in the Government's opposition, (see ECF No. 2), is an insufficient basis upon which to grant expungement relief. That Petitioner has been a good citizen since his conviction, while commendable, does not warrant relief. See United States v. Kemp, No. 97-CR-1162, 2008 WL 123800, at *2 (S.D.N.Y. Jan. 10, 2008) ("[petitioner's] claim that he has been a productive and law-abiding citizen since the expiration of his probationary sentence does not weigh in favor of expungement.") As such, Petitioner's case does not fall within the narrow criteria within which expungement of a criminal record would be proper.

For the foregoing reasons, Petitioner's motion to expunge his criminal record is denied. The Clerk of the Court is respectfully directed to mail Petitioner a copy of this Order and to close this matter.

**SO ORDERED.**

Dated:   September 23, 2025
         Central Islip, New York

                                                                           /s/ (JMA)
                                                        JOAN M. AZRACK
                                                       UNITED STATES DISTRICT JUDGE